# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1970

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JOHN HIGH,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07-CR-91-C-01—**Barbara B. Crabb**, *Chief Judge*.

ARGUED JANUARY 5, 2009—DECIDED AUGUST 5, 2009

Before EASTERBROOK, *Chief Judge*, and POSNER and
WILLIAMS, *Circuit Judges*.

PER CURIAM. John High was convicted of possessing
a firearm, despite prior convictions that made it
unlawful for him to do so. 18 U.S.C. §922(g)(1). He was
sentenced as an armed career criminal, see 18 U.S.C.
§924(e), after the district judge found that he had four
prior convictions for serious drug offenses or violent
felonies. His sentence of 212 months' imprisonment is
below the Guideline range for a person with his criminal

history, but above the 10-year maximum sentence for someone who violates §922(g) and does not qualify as an armed career criminal. 18 U.S.C. §924(a)(2).

High contends that the evidence is insufficient; to the contrary, it is strong. He also maintains that the gun should have been suppressed as the product of an unlawful search, but the district judge rightly rejected this argument. High was living with his grandmother, who consented to the officers' entry. Relying on the consent, officers came in but did not begin searching until a warrant had been issued. That the officers secured the premises, and prevented the destruction of evidence, before obtaining a warrant, does not justify exclusion. See, e.g., *Segura v. United States*, 468 U.S. 796 (1984).

Sentencing is the only substantial appellate question. The district court relied on four of High's convictions to conclude that he is an armed career criminal: (1) possession of cocaine with intent to distribute; (2) recklessly endangering safety; (3) failure to report to jail for imprisonment; and (4) battery as a repeat offender. High concedes that the first of these counts under 18 U.S.C. §924(e)(2)(A)(ii) because it is a "serious drug offense"; he contests the other three. The failure-to-report crime cannot be counted, given *Chambers v. United States*, 129 S. Ct. 687 (2009). The status of the battery conviction may be decided in *Johnson v. United States*, cert. granted, 129 S. Ct. 1315 (2009) (to be argued Oct. 6, 2009). High's argument is that, because state law treats battery as a misdemeanor unless the defendant is a recidivist, it

cannot be a violent felony for federal purposes. That line of argument is cut short by *United States v. Rodriquez*, 128 S. Ct. 1783 (2008), which holds that recidivist enhancements count when classifying a conviction as a misdemeanor or a felony. Whether felony battery meets the standards of *Begay v. United States*, 128 S. Ct. 1581 (2008), is the question posed in *Johnson*. We need not attempt to anticipate the answer, because High's conviction for recklessly endangering safety does not count, and it takes three countable convictions to support sentencing as an armed career criminal.

*United States v. Woods*, No. 07-3851 (7th Cir. Aug. 5, 2009), reaches two conclusions bearing on the treatment of the endangerment conviction. *Woods* holds, first, that courts must not look beyond the statutory ingredients of a crime, unless the offense is "divisible" into parts, some of which meet the standard of §924(e) and some of which don't. Only when an offense is divisible may a court examine the charging papers and plea colloquy to classify the conviction. *Woods* holds, second, that as a rule an offense in which the mental state is recklessness does not meet the standards established by the Supreme Court in *Begay*. Those conclusions control here.

High was convicted of second-degree recklessly endangering safety, in violation of Wis. Stat. §941.30(2). This statute provides: "Whoever recklessly endangers another's safety is guilty of a Class G felony." This statute is not divisible, as *Woods* uses that word. And, given how *Woods* treats recklessness offenses, lack of divisibility means that a conviction does not necessarily signify any

intentional, violent, and aggressive act of the sort that *Begay* requires. A person who twirls a gun, intending to show his skill but recklessly permitting it to fire, violates §941.30(2) without intending to shoot, even if no one is injured. (Recklessness in Wisconsin law means the creation of an unreasonable and substantial risk of great bodily harm, if the actor is aware of the risk. See Wis. Stat. §939.24(1). It does not require intent to harm anyone.) Likewise a person who deliberately shoots at a passing car and misses violates this law. The fact that the same statute covers both situations, and is not divisible, means that a conviction does not establish a violent felony, because (given *Woods*) the sentencing judge is forbidden to look at the charging papers and plea colloquy to see in which way a person violated the state statute.

High did not object at sentencing to the classification of his reckless-endangerment conviction. But *Begay*, which was decided after his sentencing, changed the rules, and under the holding of *Woods* the district court's classification of this offense was plain error. See *United States v. Olano*, 507 U.S. 725 (1993) (spelling out the standards for plain-error review). The judgment of conviction is affirmed, and the case is remanded with instructions to impose a sentence no greater than 120 months. We know from the record of the state proceeding that High fired a gun at an occupied car; he may have been trying to hit the occupant (who escaped harm) or may have been trying to hit the tires. The district judge is free to consider those facts when deciding what sentence to impose, see 18 U.S.C. §3661, because the events that led to the reckless endangerment conviction reflect what

kind of person High is and how dangerous he may be in the future, but the court cannot treat him as an armed career criminal.