NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued January 6, 2009
Decided August 17, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1950

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin |
| *v.* | |
| | No. 07-CR-157-bbc |
| DEANDRE BISHOP, | |
| *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

This appeal is one of several recent cases challenging a district court's classification of a prior offense as a crime of violence under U.S.S.G. § 4B1.2. Deandre Bishop pleaded guilty to possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court found that Bishop was a career offender under U.S.S.G. § 4B1.1 because Bishop had two prior felony convictions for a crime of violence. The court accordingly sentenced

Bishop to 188 months imprisonment. One of the two crimes that predicated the enhancement was a conviction under Wisconsin law for second-degree reckless endangerment. See Wis. Stat. § 941.30(2). Bishop argues that, under *Begay v. United States*, 128 S. Ct. 1581 (2008), and *United States v. Smith*, 544 F.3d 781, 786 (7th Cir. 2008), a crime requiring a mental state of recklessness is not a "crime of violence" under § 4B1.1.

Bishop is correct. As we recently held in *United States v. Woods*, No. 07-3851, 2009 WL 2382700 (7th Cir. Aug. 5, 2009), the mental state of recklessness does not satisfy the standards established by the Supreme Court in *Begay*. Second-degree reckless endangerment, in violation of Wis. Stat. § 941.30(2), is therefore not a crime of violence for the specific purpose of the career-offender enhancement, and the district court therefore erred by sentencing Bishop under § 4B1.1. See *United States v. High*, No. 08-1970, 2009 WL 2382747 (7th Cir. Aug. 5, 2009) (holding that a felony conviction for violating Wis. Stat. § 941.30(2) is not a "violent felony" as that term is used in the Armed Career Criminal Act).

In light of these recent decisions, Bishop's other arguments – that his sentence is substantively unreasonable and that the district court mistakenly believed that the state would make his state sentence concurrent to the federal sentence – are moot.

We therefore **VACATE** the sentence and **REMAND** for further proceedings in light of *Begay*.