ORDER
Toya Olds was part of a ring that starting in the mid-1990s sold millions of dollars worth of cocaine in Milwaukee, Wisconsin. She pleaded guilty to conspiracy to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced, as a career offender, to 188 months’ imprisonment. Olds did not contest her career-offender designation at sentencing or in her appellate brief, but at oral argument we raised the possibility that the application of the guideline was erroneous because it was based, in part, on a conviction for “second-degree recklessly endangering safety.” See Wis. Stat. § 941.30(2). As we recently held, this offense is not a crime of violence. United States v. Bishop, 341 Fed.Appx. *174 239, 240 (7th Cir.2009); see also United States v. Woods, 576 F.3d 400 (7th Cir.2009); United States v. Smith, 544 F.3d 781, 786 (7th Cir.2008). And although we ordinarily we do not evaluate issues not presented by the parties themselves, the error here is plain, United States v. High, 576 F.3d 429, 430-31 (7th Cir.2009), and we are always free to correct a plain error on our own authority, Fed. R. Crim. P. 52(b); United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1934); United States v. Neal, 512 F.3d 427, 439 n. 11 (7th Cir.2008); United States v. Muriel, 418 F.3d 720, 723 n. 1 (7th Cir.2005).
Olds’s sentence is VACATED, and the case is REMANDED for resentencing.