**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donta Phelon DAVIS, Defendant–**
**Appellant.**

No. 08–3049.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 21, 2010.*

Decided Jan. 21, 2010.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2).

Michelle L. Jacobs, Attorney, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Nancy Joseph, Attorney, Federal. Defender Services of Eastern Wisconsin, Incorporated, Milwaukee, WI, for Defendant–Appellant.

Before JOHN L. COFFEY, Circuit Judge, JOEL M. FLAUM, Circuit Judge and MICHAEL S. KANNE, Circuit Judge.

### ORDER

Donta Phelon Davis appeals from his conviction and 105–month sentence for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Davis contends that the district court improperly classified his prior conviction under Wisconsin law for second-degree reckless homicide, *see* Wis. Stat. § 940.06(1), as a crime of violence under U.S.S.G. § 4B1.2(a). *See id.* § 2K2.1(a)(2). The government concedes error and agrees that in light of this court's decision in *United States v. Woods*, 576 F.3d 400 (7th Cir.2009), the correct disposition is to vacate and remand for resentencing.

In *Woods*, 576 F.3d at 412–13, we held that an offense in which the mental state is recklessness does not meet the standards for crimes of violence established by the Supreme Court in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 1586, 170 L.Ed.2d 490 (2008). Second-degree reckless homicide, in violation of Wis. Stat. § 940.06(1), is therefore not a crime of violence under § 2K2.1(a)(2). *See United States v. High*, 576 F.3d 429, 430–31 (7th Cir.2009). Davis did not object at sentencing to the classification of his reckless-homicide conviction, but in light of *Begay* and our recent post-*Begay* precedent, the district court's classification of this offense was plain error. *See United States v. Gear*, 577 F.3d 810, 812 (7th Cir.2009); *High*, 576 F.3d at 431.

We therefore VACATE Davis's sentence and REMAND for further proceedings in light of *Begay* and *Woods*.