**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 21, 2010[*]
Decided January 21, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-3049

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 07-CR-329 |
| | |
| DONTA PHELON DAVIS, | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Donta Phelon Davis appeals from his conviction and 105-month sentence for being a felon in possession of a firearm.  *See* 18 U.S.C. § 922(g)(1).  Davis contends that the district court improperly classified his prior conviction under Wisconsin law for second-degree reckless homicide, *see* WIS. STAT. § 940.06(1), as a crime of violence under U.S.S.G. § 4B1.2(a). *See id.* § 2K2.1(a)(2).  The government concedes error and agrees that in light of this court's

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See*  FED. R. APP. P. 34(a)(2).

decision in *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009), the correct disposition is to vacate and remand for resentencing.

In *Woods*, 576 F.3d at 412-13, we held that an offense in which the mental state is recklessness does not meet the standards for crimes of violence established by the Supreme Court in *Begay v. United States*, 128 S.Ct. 1581, 1586 (2008).  Second-degree reckless homicide, in violation of WIS. STAT. § 940.06(1), is therefore not a crime of violence under § 2K2.1(a)(2).  *See United States v. High*, 576 F.3d 429, 430-31 (7th Cir. 2009).  Davis did not object at sentencing to the classification of his reckless-homicide conviction, but in light of *Begay* and our recent post-*Begay* precedent, the district court's classification of this offense was plain error.  *See United States v. Gear*, 577 F.3d 810, 812 (7th Cir. 2009); *High*, 576 F.3d at 431.

We therefore VACATE Davis's sentence and REMAND for further proceedings in light of *Begay* and *Woods*.