NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2010[*]
Decided March 11, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3003

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 05-Cr-240-28 |
| | |
| KENNETH HILL, | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Kenneth Hill appeals from his 188-month sentence for conspiring to commit racketeering. *See* 18 U.S.C. § 1962(d). He contends principally that the district court improperly classified two of his prior convictions under Wisconsin law as crimes of violence—a classification that led him to be deemed a "career offender" and thus subject to a higher sentence. As the government concedes, one of these crimes was indeed

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

misclassified, and we therefore vacate and remand for resentencing. On remand the district court should also clarify its findings about Hill's criminal history.

The racketeering charge to which Hill pleaded guilty stemmed from his activities on behalf of the Almighty Latin King Nation, particularly his drug deals and his storage of gang-owned firearms. At sentencing the district court concluded that two of his prior convictions—one for fleeing from an officer, Wis. Stat. § 346.04(3), and one for second-degree recklessly endangering safety, Wis. Stat. § 941.30(2)—constituted crimes of violence. *See* U.S.S.G. § 4B1.2(a). That finding triggered application of the career-offender guideline, U.S.S.G. § 4B1.1(a). After a 3-point reduction for acceptance of responsibility, the court assessed Hill's total offense level at 29 rather than the level 16 that otherwise would have applied. With a criminal history category of VI (the same category the court would have placed him in without the career-offender guideline), Hill's guideline range was 151-188 months. The court sentenced him to the very top of that range.

On appeal Hill challenges the district court's conclusion that his prior felonies were both crimes of violence under U.S.S.G. § 4B1.2(a). He argues that neither crime falls within § 4B1.2(a)(1), which involves crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another," or § 4B1.2(a)(2), which covers offenses such as burglary, extortion, use of explosives, or other conduct that creates a serious potential risk of physical injury to another.

Hill's argument about the conviction for fleeing from an officer is foreclosed by our recent decision in *United States v. Dismuke*, No. 08-1693, slip op. at 23 (7th Cir. Jan. 27, 2010), where we applied *Begay v. United States*, 128 S. Ct. 1581 (2008) and concluded that this offense qualified as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The terms "violent felony" under the ACCA and "crime of violence" under the career-offender guideline are nearly identical in meaning, so that a decision interpreting one term informs the interpretation of the other. *See United States v. Templeton*, 543 F.3d 378, 379-80 (7th Cir. 2008).

Hill is correct, however, about his conviction for recklessly endangering safety, a point that the government concedes. As we held in *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009), an offense for which the mental state is recklessness is not a "crime of violence" under the career-offender guideline because it does not meet the parallel standards for violent felonies established by the Supreme Court in *Begay*. *Woods*, 576 F.3d at 412-13 (applying *Begay*, 128 S. Ct. 1581); *see United States v. High*, 576 F.3d 429 (7th Cir. 2009) (holding that a felony conviction for violating Wis. Stat. § 941.30(2) is not a "violent felony" as that term is used in the ACCA). Second-degree recklessly endangering safety, in violation of Wis. Stat. § 941.30(2), is therefore not a crime of violence for the specific purpose

of the career-offender guideline.  Because Hill has only one prior felony conviction of a crime of violence, he is not a career offender under U.S.S.G. § 4B1.1(a)(3) and must be resentenced.

Hill also raises a challenge to the calculation of his criminal history points.  He argues that his § 941.30(2) conviction should not count because the conduct underlying that offense stemmed from his involvement in the racketeering operation.  "When calculating a defendant's criminal history category, a district court may not consider prior convictions for acts which constitute relevant conduct—conduct that was part of the instant offense." *United States v. Bryant*, 557 F.3d 489, 503 (7th Cir. 2009); *see* U.S.S.G. § 4A1.2 cmt. n. 1; *United States v. Olson*, 408 F.3d 366, 373 (7th Cir. 2005).

Here the court considered only whether the specific conduct underlying the § 941.30(2) conviction was charged as a predicate act in the racketeering indictment.  But the court must consider all the evidence and "make specific factual findings regarding the underlying conduct," and then determine the "relatedness" of the offenses on that basis. *Bryant*, 557 F.3d at 503.  On remand, the court should take the opportunity to squarely address Hill's contention that the conduct underlying his § 941.30(2) conviction was carried out in furtherance of the racketeering operation.

For the reasons given above, we **VACATE** the sentence and **REMAND** the case for resentencing consistent with this order.