**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 25, 2010\*

Decided June 9, 2010

## Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| **No**. 09-3784 | Appeal from the United States District Court for the Western District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 07-CR-91-C-01 Barbara B. Crabb, *Judge*. |
| JOHN HIGH, *Defendant-Appellant*. | |

## Order

We affirmed John High's conviction but vacated his sentence after concluding that he is not covered by the Armed Career Criminal Act, 18 U.S.C. §924(e). See 576 F.3d 429 (7th Cir. 2009). High's original sentence was 212 months' imprisonment; our decision meant that the maximum possible sentence was 120 months.

On remand, the district court imposed a 120-month sentence. High's Guideline range was above the statutory maximum, and the district judge stated that she thought the original sentence appropriate with or without an armed-career-criminal

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

enhancement. Our opinion had observed that the district judge was free to consider the conduct that led to High's earlier convictions, for whatever that conduct revealed about his character and prospects for recidivism, even though two of his four earlier felony convictions did not meet the statutory definition of "violent felonies." The district court took this conduct into account, as it was entitled to do.

High's lawyer has filed an *Anders* brief, see *Anders v. California*, 386 U.S. 264 (1967). Counsel observed that, because our 2009 opinion rejected challenges to the conviction, only errors on remand in imposing the sentence would create non-frivolous issues for appeal. But the fact that the 120-month sentence is below the Guideline range, and that the district court thought that application of the statutory factors (see 18 U.S.C. §3553(a)) would justify a sentence exceeding 200 months, made it impossible to frame a non-frivolous issue for appeal. We agree with counsel's assessment.

High has filed a response to counsel's brief. See Circuit Rule 51. Most of this statement expresses dissatisfaction with counsel's performance in the district court, and during and after his initial appeal (particularly counsel's decision not to file a petition for a writ of certiorari). Such arguments are not appropriate for direct appeal; they should be raised by a petition under 28 U.S.C. §2255. See *Massaro v. United States*, 538 U.S. 500 (2003). High's contention that a sentence of 120 months is unreasonably high is frivolous. Our prior opinion made it clear that a 120-month sentence would be lawful; we do not see any reason to think otherwise today.

Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.