NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2011
Decided April 21, 2011

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-3277

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of |
| | Indiana, Hammond Division. |
| *v.* | |
| | No. 2:10cr2-001 |
| RICKEY SCOTT, JR, | |
| *Defendant-Appellant*. | Rudy Lozano, |
| | *Judge*. |

**O R D E R**

After a plea of guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), Rickey Scott was sentenced as an armed career criminal to 15 years in prison, *id*. § 924(e). On appeal, he argues only that the district court should not have turned to § 924(e) for his sentence, because his prior convictions do not qualify as violent felonies. Accordingly, he believes, his sentence should have been capped at 10 years, which is the maximum permitted for violations of 18 U.S.C. § 922(g)(1) in cases not governed by § 924(e).

Scott committed the three prior convictions on which the court relied on separate occasions, but he pleaded guilty to all three on the same day in 1995. Two of the three convictions are for "criminal recklessness" offenses under IND. CODE § 35-42-2-2; the third is

for "intimidation" under IND. CODE § 35-45-2-1. The issue before us is whether each one satisfies the definition of "violent felony" set forth in 18 U.S.C. § 924(e)(2)(B), which reads as follows:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

For a person who violates § 922(g) after accumulating three previous convictions for a violent felony (or a serious drug offense, not at issue here), the Armed Career Criminal Act (ACCA) provides for a minimum sentence of 15 years. 18 U.S.C. § 924(e)(1); see *United States v. High*, 576 F.3d 429, 429 (7th Cir. 2009).

A sentencing court must employ a "categorical" approach when deciding if a crime qualifies as a violent felony. This restricts the materials that the court may consult to the fact of conviction and the statutory definition of the crime; the court may not delve deeper and consider the circumstances of the particular offense. *James v. United States*, 550 U.S. 192, 202 (2007); *United States v. Woods*, 576 F.3d 400, 403 (7th Cir. 2009). If, however, the same statute covers multiple offenses, some but not all of which are violent felonies, the sentencing court is authorized to look at the terms of the charging document and any judicial record in which the defendant confirmed the factual basis for a guilty plea. *Shepard v. United States*, 544 U.S. 13, 25-26 (2005); *United States v. Dismuke*, 593 F.3d 582, 589 (7th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. 3062 (U.S. July 19, 2010) (No. 10-109); *Woods*, 576 F.3d at 404. It does so solely for the purpose of determining which crime under the statute the defendant committed; the sentencing court may not rely on this "modified categorical" approach for details about the way in which the defendant committed the crime. *Dismuke*, 593 F.3d at 589; *Woods*, 576 F.3d at 404-06. We consider Scott's two criminal recklessness offenses together (as Scott does), and then turn to his intimidation offense.

1. *Criminal Recklessness.* Both of these convictions were based on IND. CODE § 35-42-2-2. The charging information in Scott's first case alleges that he "recklessly, knowingly or intentionally, and while armed with a handgun, a deadly weapon," fired the gun "in the direction" of the victim and "created a substantial risk of bodily injury." In the stipulated factual basis for his guilty plea, Scott acknowledged that the victim "encountered" him and that Scott "approached the victim and fired six shots from a handgun at the victim,"

creating a substantial risk of bodily injury to the victim. Scott's second criminal recklessness conviction proceeded on the basis of a charging information alleging that Scott "recklessly, knowingly or intentionally" inflicted "serious bodily injury" on the victim. In the stipulated factual basis, Scott admitted that he and three other inmates "approached the victim in the victim's jail cell" and "proceeded to kick the victim about the victim's head and body," causing the victim to lose consciousness and suffer a broken shoulder bone.

Scott argues that neither of these convictions qualifies as a violent felony under the residual clause because, he says, neither one was purposeful. (He does not argue that those two convictions did not involve violent and aggressive conduct.) As relevant here, a person is guilty of criminal recklessness under Indiana law if he "recklessly, knowingly, or intentionally performs . . . an act that creates a substantial risk of bodily injury to another person." IND. CODE § 35-42-2-2(b)(1). The offense is a Class D felony if the defendant is armed with a deadly weapon, *id*. § 35-42-2-2(c)(2)(A), or inflicts serious bodily injury on another person, *id*. § 35-42-2-2(d)(1).

In *United States v. Smith*, 544 F.3d 781 (7th Cir. 2008), we concluded that two convictions for criminal recklessness under the same Indiana statute were not violent felonies. Importantly, however, this was because the statute criminalizes both purposeful (*i.e.*, intentional) and non-purposeful (*i.e.*, reckless) conduct. *Id*. at 786-87. The defendant in *Smith* had never confessed to acting intentionally, and he was found guilty by juries that were not asked to resolve this question. *Id*. at 787. Furthermore, since the pertinent materials under the categorical approach did not reveal whether the defendant had been convicted of violating a part of the statute that addresses a violent felony, we concluded that the convictions could not be used to enhance the defendant's sentence under § 924(e). *Id*. at 786-87.

Scott argues that *Smith* controls here, but his case does not resemble *Smith* so much as it does *United States v. Clinton*, 591 F.3d 968 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 246 (2010). In *Clinton,* we considered whether the defendant had been convicted under the "intentional" branch of the same Indiana criminal recklessness statute. After looking at the defendant's plea colloquy, in which he admitted stabbing his victim "too many times," we concluded that he had been convicted of intentionally stabbing the victim and that his offense was a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2). *Clinton*, 591 F.3d at 972-74.

Similarly, the factual bases for Scott's guilty pleas demonstrate that both of his crimes were purposeful. Scott stipulated that he approached his first victim and fired six shots "at" him, and he stipulated that he approached his second victim and kicked "about the victim's head and body," causing the victim to suffer a broken bone and lose

consciousness. These admissions show that in both cases Scott intended his acts and their consequences, and therefore they establish that he violated the intentional portion of the statute. See *Clinton*, 591 F.3d at 973.

2. *Intimidation Conviction.* As we mentioned earlier, this conviction was under IND. CODE § 35-45-2-1. The charging information alleges that, "while drawing or using a knife, a deadly weapon," Scott communicated a threat to the victim with the intent that the victim "be placed in fear of retaliation" for holding him in police custody. Scott stipulated that he warned the victim—a police officer who was transporting him following his arrest—"You are a marked man. I'm going to kill you as soon as I get a chance." At the police station, Scott repeated the threat and told the officer to remove Scott's handcuffs so that Scott could "kick his ass"; as Scott was being uncuffed, he pulled out a pocket knife and lunged at the officer. Scott admitted that he threatened the officer with the intent that the officer "be placed in fear of retaliation" for lawfully holding Scott in detention.

Scott concedes that a person is guilty of intimidation under Indiana law if he communicates a threat to another person "with the intent . . . that the other person be placed in fear of retaliation for a prior lawful act." IND. CODE § 35-45-2-1(a)(2). The statute defines "threat" to include "an expression, by words or action, of an intention to . . . unlawfully injure the person threatened or another person, or damage property." *Id*. § 35-45-2-1(c)(1). Intimidation ordinarily is a misdemeanor, *id*. § 35-45-2-1(a), but it can be a Class D felony, *id*. § 35-45-2-1(b)(1), or, if the defendant "draws or uses a deadly weapon," a Class C felony, *id*. § 35-45-2-1(b)(2).

We held in *United States v. Ellis*, 622 F.3d 784, 796-800 (7th Cir. 2010), the case on which Scott is relying, that Class D felony intimidation of a police officer as prohibited by IND. CODE § 35-45-2-1(a)(2), (b)(1)(B)(i) is not a violent felony, because the "threatened use of physical force against the person of another" is not an element of the crime, see 18 U.S.C. § 924(e)(2)(B)(i). (The government in *Ellis* waived the argument that the conviction was a violent felony under the residual clause in § 924(e)(2)(B)(ii). 622 F.3d at 800.) *Ellis* rests on an understanding of the term "injure" in § 35-45-2-1(c)(1) as one that covers both physical and nonphysical injuries. *Ellis*, 622 F.3d at 798-99. Scott contends, in light of *Ellis*, that a conviction under § 35-45-2-1 (or at least a conviction for a threat as defined by § 35-45-2-1(c)(1)) cannot be a violent felony.

Although Scott and the defendant in *Ellis* both threatened police officers, Scott's use of a deadly weapon distinguishes the cases. The Indiana courts have treated the act of drawing or using a deadly weapon as an "element" of intimidation when charged as a Class C felony under subsection (b)(2). See *Ransley v. State*, 850 N.E.2d 443, 446 (Ind. Ct. App. 2006); *Casey v. State*, 676 N.E.2d 1069, 1072 (Ind. Ct. App. 1997). Scott does not dispute that

his offense was a Class C felony. And the requirement that a deadly weapon be used or drawn while threatening another person satisfies the requirement of § 924(e)(2)(B)(i) that the crime have as an element "the use, attempted use, or threatened use of physical force against the person of another," because using or drawing a deadly weapon necessarily conveys a threat of physical force. See *United States v. Taylor*, 630 F.3d 629, 634 (7th Cir. 2010); see also *United States v. Jennen*, 596 F.3d 594, 600-02 (9th Cir. 2010), *cert. denied*, 130 S. Ct. 3525 (2010). (We treat analyses of violent felonies under § 924(e) and crimes of violence under the Sentencing Guidelines as interchangeable. See *Woods*, 576 F.3d at 403-04.)

Scott points out that *drawing* a deadly weapon, rather than using it, is enough for conviction under this particular portion of the statute. He then suggests that merely drawing a weapon does not create a threat of physical force—that is to say, force capable of causing physical pain or injury to the victim. See *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010); *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003). But that argument ignores the fact that a conviction under the statute also requires a threat to injure the victim. A threat to injure coupled with the presence of a deadly weapon raises at least the threat of force that would cause physical pain or injury. See *United States v. Raszkiewicz*, 169 F.3d 459, 468 (7th Cir. 1999) (holding that, in context of bank robbery, pointing unknown object at victim can constitute threat of death, even if unaccompanied by threatening statement).

Moreover, even if Scott's intimidation offense does not amount to a violent felony under the "elements" approach of 18 U.S.C. § 924(e)(2)(B)(i), it qualifies as one under the residual clause of § 924(e)(2)(B)(ii), which applies to certain crimes that present "a serious potential risk of physical injury to another," and that are purposeful, violent, and aggressive. See *Begay v. United States*, 553 U.S. 137, 144-48 (2008); *Dismuke*, 593 F.3d at 590. Scott's intimidation offense was certainly purposeful; the statute requires that the crime be committed "with the intent" that the victim be placed in fear of retaliation. IND. CODE § 35-45-2-1(a). It was also violent and aggressive; although intimidation while drawing or using a deadly weapon may not be immediately violent, it is a characteristically aggressive offense with the potential for violence and injury. See *Dismuke*, 593 F.3d at 594; see also *United States v. Chapple*, 942 F.2d 439, 442 (7th Cir. 1991) ("A prior conviction involving *any* overt act by a defendant pointing a weapon, drawing a weapon, openly displaying a weapon, brandishing a weapon, holding a weapon, gesturing towards a weapon, or any act other than mere passive possession, would . . . present a sufficient potential for physical injury to constitute a crime of violence.").

We are unpersuaded by Scott's argument that *Ellis* implies that intimidation with a deadly weapon cannot be a violent felony under the residual clause because the offense presents a risk of non-physical injury as well as physical injury. Section 924(e)(2)(B)(ii) does not say that it applies to conduct that presents *only* a risk of physical injury. Moreover,

Scott's argument is difficult to reconcile with *James*, which places within the scope of the residual clause offenses that "in the ordinary case" present a risk of physical injury, even if they could be committed without such risk. 550 U.S. at 208-09.

      Accordingly, we AFFIRM the judgment of the district court.