In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3173

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GERARDO RODRIGUEZ-GOMEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 CR 006—**Wayne R. Andersen**, *Judge.*

ARGUED APRIL 1, 2010—DECIDED JUNE 11, 2010

Before EASTERBROOK, *Chief Judge*, and BAUER and
HAMILTON, *Circuit Judges*.

BAUER, *Circuit Judge.* At issue in this appeal is whether
it was plain error for the district court to conclude that
Gerardo Rodriguez-Gomez's prior conviction for aggra-
vated battery constituted a crime of violence, warranting
a sentencing enhancement. Finding no error, we affirm.

## I. BACKGROUND

Federal prosecutors charged Rodriguez with illegal re-entry after having previously been deported following a conviction of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Rodriguez pleaded not guilty, but at trial he took the witness stand and admitted his guilt. Thereafter, the jury found him guilty.

As this conviction makes clear, this is not Rodriguez's first run-in with the law. From the record, it appears that many of his altercations with the law stem from his abuse of alcohol. For example, in 2005, Rodriguez pleaded guilty to an Illinois charge of aggravated battery, in violation of 720 Ill. Comp. Stat. 5/12-4(b)(6), stemming from an arrest for driving under the influence and leaving the scene of an accident. And it is the effect that this previous conviction has on Rodriguez's current sentence that is on appeal.

The Guideline under which Rodriguez is currently sentenced states: "If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence . . . increase by 16 levels." U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2009). A copy of the charging document from Rodriguez's aggravated battery conviction was not attached to the pre-sentence investigation report ("PSR"). However, the probation officer summarized the offense, Case. No. 05 CR 799901, from Cook County, Illinois:

> [Rodriguez] was arrested for driving under the influence (DUI) and leaving the scene of an acci-

dent. While being placed under arrest, [Rodriguez] became combative and kicked an officer in the leg. After being brought to the police station, [Rodriguez] became combative again and kicked another officer in the groin area.

PSR at 2, 4.

Also attached to the PSR was a copy of the government's submission to the probation officer, which included the following quotation from the state indictment of the aggravated battery charge:

> Gerardo Rodriguez-Gomez committed the offense of Aggravated Battery in that he, in committing a battery other than by the discharge of a firearm, knowingly or intentionally caused bodily harm to Jonathan Cwynar, to wit: kicked Jonath[a]n Cwynar about the body, knowing Jonathan Cwynar to be a peace officer, to wit: a Chicago Police Officer, while engaged in the execution of his official duties, in violation of 720 ILCS 5/12-4(b)(6).

The probation officer concluded that Rodriguez's aggravated battery conviction constituted a crime of violence, warranting a 16-level enhancement of his base offense level. The probation officer also determined that Rodriguez's adjusted offense level was 24, found that he had a criminal history category of VI, and recommended an advisory sentencing Guidelines range of 100 to 125 months.

At the sentencing hearing, the district judge stated that he was accepting the offense-summary behavior in the

PSR and summarized the offense-level calculation to the parties:

COURT:     The defendant in this case under Count One was charged with illegal reentry of a previously-deported alien. There is a base offense level of eight for violation of 8 U.S.C. § 1326(a) and (b)(2) under the Guideline 2L.1.2(a). And because he was previously deported after a conviction for a felony that was a crime of violence, under 2L.1.2(b)(1)(A)[ii] there is a 16-level increase, putting us at an adjusted offense level, before considering acceptance of responsibility, at 24. Does everyone agree with that?

AUSA:       The Government agrees.

DEFENSE:   We agree.

Sent. Tr. 5-6 (App. 11-12). After rejecting an acceptance-of-responsibility adjustment, overruling the objection to Rodriguez's criminal history category, and listening to the mitigation in sentence argument, the district court imposed a sentence of 100 months' imprisonment. Thereafter, Rodriguez filed a notice of appeal.

Appointed counsel filed a motion for leave to withdraw, stating that he had reviewed the record and found no non-frivolous basis for appeal. We denied this motion and directed appointed counsel to file a brief discussing whether the district court committed plain error by adding 16 levels to his base offense level, based

on the aggravated battery conviction, as well as any other issue he deemed appropriate.

## II. DISCUSSION

### A. Waiver or Forfeiture

Whether the district court has followed the proper procedures in determining a sentence is a question of law, subject to de novo review. *United States v. Clinton*, 591 F.3d 968, 972 (7th Cir. 2010). However, as Rodriguez did not object to his sentence in the district court, we must first address whether Rodriguez waived or merely forfeited any challenge to the probation officer's recommendation that he receive a 16-level increase. Waiver is the intentional relinquishment of a known right, whereas forfeiture is the failure to timely assert a right. *United States v. Olano*, 507 U.S. 725, 733 (1993); *United States v. Jacques*, 345 F.3d 960, 962 (7th Cir. 2003). Waiver precludes appellate review, but forfeiture permits review for plain error. *Olano*, 507 U.S. at 733-34; *Jacques*, 345 F.3d at 962.

We held in *United States v. Jaimes-Jaimes* that if a specific objection was not raised at sentencing, we will view it as having been waived if the defendant had a strategic reason to forego the argument. 406 F.3d 845, 848 (7th Cir. 2005). Our duty when considering waiver is to divine from the record an intent to forego an argument. *United States v. Garcia*, 580 F.3d 528, 542 (7th Cir. 2009). Rodriguez said the following at sentencing:

> The only thing that makes me a little bit overwhelmed or sad, because I use—and, like I said, I don't know

your laws. . . . And if I didn't have a record and if I hadn't been given 16 points . . . . And that increase of the 16 levels because of a crime I have already paid my debt . . . for the same crime . . . .

Sent. Tr. at 21.

We do not think this statement indicates that Rodriguez intended to relinquish his right to be sentenced at a lower offense level, only that he had come to terms that his previous conviction made him eligible for a sentence enhancement. In addition, we cannot conceive of a strategic reason why defense counsel failed to object to the enhancement, other than that he was in agreement that the 16-level enhancement was warranted. However, because we directed appointed counsel to submit a brief discussing whether the district court plainly erred by adding 16 levels to Rodriguez's base offense level, we will review the sentencing enhancement under that standard.

"To establish plain error, [Rodriguez] has to demonstrate a clear error that affects a substantial right and, moreover, impacts 'the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Allen*, 529 F.3d 390, 395 (7th Cir. 2008) (citations omitted).

### B. Crime of Violence

Section 2L1.2(b)(1)(A)(ii) of the Guidelines states that a defendant should receive a 16-level adjustment if he has a prior conviction for a "crime of violence." While the

term "crime of violence" is used in various contexts in the federal code and sentencing Guidelines, the illegal reentry Guideline contains its own definition, which encompasses some enumerated offenses, as well as any crime "that has as an element the use, attempted use, or threatened use of physical force." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii) (2009). Battery is not an enumerated offense so we must determine whether Rodriguez's aggravated battery conviction has as an element the use, attempted use, or threatened use of physical force, which will turn on its statutory elements. "Force" must be an element of the crime and not simply a possible byproduct of it. *Flores v. Ashcroft*, 350 F.3d 666, 670 (7th Cir. 2003). And "physical force" means violent force—that is, force capable of causing physical pain or injury to another person. *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010) (citing *Flores*, 350 F.3d at 672).

Rodriguez pleaded guilty to committing an aggravated battery, specifically that he committed a battery to an individual he knew to be a community policing volunteer, in violation of 720 Ill. Comp. Stat. 5/12-4(b)(6). The Illinois battery statute provides that a person "commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 Ill. Comp. Stat. 5/12-3. Because there is more than one way of committing battery (either by causing bodily harm or by making physical contact that is insulting or provoking), the mere fact that Rodriguez was con-

victed of aggravated battery does not tell us whether
he committed a crime that necessarily involved force.
Accordingly, we must determine whether Rodriguez
was convicted under the first or second prong of the
battery statute. *United States v. Gilbert*, 464 F.3d 674, 678
(7th Cir. 2006). The scope of our inquiry is limited to
(1) admissions made by the defendant, and (2) the
charging document, plea agreement, plea colloquy, and
comparable judicial records from the conviction. *Shepard
v. United States*, 544 U.S. 13, 16 (2005) (citing *Taylor v.
United States*, 495 U.S. 573 (1990)). Our purpose is to
determine what form of the offense Rodriguez com-
mitted, not how he happened to commit the crime; that
is, we want to know whether Rodriguez's conviction
necessarily reflects a finding that force (actual, threatened,
or attempted) was used in the commission of the offense.
The record does not contain any admission made by
Rodriguez from the state court proceeding, so we turn
to the charging document.

Here, the charging document for the aggravated
battery conviction was not attached to the PSR. How-
ever, the government's submission to the probation
officer quoted from the state indictment that stated
by kicking Jonathan Cwynar, a Chicago police officer,
Rodriguez "knowingly or intentionally caused bodily
harm." We find that Rodriguez was therefore convicted
under the first prong of the battery statute, and that
the first prong of the statute requires the "use, attempted
use, or threatened use of physical force." Accordingly,
it was not plain error to conclude that Rodriguez's con-
viction for aggravated battery was a crime of violence.
We note that it would be good practice to provide the

appropriate state records at the sentencing hearing and attach them to the appellate record so that the reviewing court can better ascertain whether a sentencing enhancement is warranted.[1]

*Johnson* is easily distinguishable. There, the Supreme Court held that because under Florida's law, any intentional physical contact, "no matter how slight" constitutes a battery, it was not clear that the defendant's previous conviction for battery had the requisite "physical force against the person of another" to warrant a sentence enhancement. *Johnson*, 130 S. Ct. at 1269-70. However, here, based on the recitation of the charging document, it is clear that Rodriguez was charged under the first prong of the Illinois statute because he was charged with "caus[ing] bodily harm to an individual." Similarly, *Jaimes-Jaimes* is distinguishable because there, the statutory elements of his crime imposed no requirement that the state prove, as an element of the offense, that the defendant used, attempted to use, or threatened to use physical force "against the person of another."

---

[1] At oral argument, appointed counsel acknowledged receipt of the charging document in the aggravated battery conviction. He did not argue that it was error to conclude that Rodriguez had been convicted under the first prong of the battery statute. Any such argument is therefore waived. *O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009) ("[A]rguments not raised on appeal are waived").

### III. CONCLUSION

For the reasons stated above, we AFFIRM Rodriguez's sentence.