NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2012
Decided November 8, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 12-1199

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 617-1 |
| ISMAEL MIRANDA, *Defendant-Appellant.* | Amy J. St. Eve, *Judge.* |

**O R D E R**

Ismael Miranda pleaded guilty to conspiracy to possess and distribute cocaine and marijuana, 21 U.S.C. §§ 846, 841(a)(1), and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), after police discovered that he and a partner were selling wholesale quantities of drugs out of a storage unit in Elgin, Illinois. The district court sentenced Miranda to a total of 240 months' imprisonment, below the guidelines range of 262 to 327 months. Miranda filed a notice of appeal, but his appointed attorney has not identified a potentially meritorious issue to pursue and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Miranda opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate brief and Miranda's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises that Miranda does not seek to challenge his guilty pleas, and thus omits discussion of the voluntariness of the pleas or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). But Miranda's response suggests that he does want his guilty pleas set aside. He argues that drug and gun crimes are beyond the power of the federal government to prosecute, and that § 922(g)(1) is an ex post facto law, but these contentions are preposterous. *See United States v. Dawson*, 425 F.3d 389, 391–92 (7th Cir. 2005)*; United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001)*.* Miranda also argues that Illinois restored his civil rights after his felony convictions, and thus he does not have a "conviction" that would make gun possession a federal crime. *See* 18 U.S.C. § 921(a)(20) ("Any conviction . . . for which a person . . . has had civil rights restored shall not be considered a conviction for the purposes of this chapter . . . ."); *United States v. Adams*, 11-3707, 2012 WL 5066169 (7th Cir. Oct. 19, 2012); *Buchmeier v. United States*, 581 F.3d 561, 567 (7th Cir. 2009). This contention likewise is frivolous. Restoration of civil rights is an affirmative defense, and Miranda offered no evidence that his civil rights had been restored in a manner that would absolve him of criminal liability under § 922(g)(1). *See United States v. Foster*, 652 F.3d 776, 791, 793 (7th Cir. 2011); *Gant v. United States*, 627 F.3d 677, 682–83 (7th Cir. 2010). Moreover, by pleading guilty Miranda admitted every essential element of the crime, including his felon status. *See United States v. Broce*, 488 U.S. 563, 570 (1989); *United States v. Wallace*, 280 F.3d 781, 784 (7th Cir. 2002). And Miranda waived any possible defense by stipulating in his plea agreement that he previously had been convicted of a felony. *See Foster*, 652 F.3d at 790–91.

Counsel evaluates whether Miranda could raise an appellate claim about his sentence but properly concludes that the possible arguments would be frivolous. The lawyer discusses whether Miranda could dispute that his 1998 conviction in Illinois for "Aggravated Battery/Great Bodily Harm" is a predicate "crime of violence" for purposes of the career-offender guideline. *See* U.S.S.G. §§ 4B1.1(a) cmt. n.1, 4B1.2(a). In the first place, Miranda waived this potential argument by stipulating to his career-offender status in the plea agreement. *See United States v. Fiore*, 178 F.3d 917, 925 (7th Cir. 1999). Moreover, a battery causing great bodily harm, *see* 720 ILCS 5/12-4 (1993) (currently codified as 720 ILCS 5/12-3.05(a)(1)), obviously involves the use of physical force against another and is a "crime of violence." *See Hill v. Werlinger*, 695 F.3d 644, 649–50 (7th Cir. 2012); *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973–74 (7th Cir. 2010). Thus, counsel correctly concludes that an argument that Miranda's aggravated battery conviction was not a "crime of violence" would be frivolous.

In addition, counsel rejects as frivolous any claim that the prison term is unreasonable. Miranda's below-guidelines sentence is presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir.

2008), and counsel has not identified any reason to set that presumption aside. Finally, the district court thoroughly discussed the sentencing factors in 18 U.S.C. 3553(a) when imposing Miranda's sentence and addressed his arguments for a term at the 180-month statutory minimum. The court mentioned as mitigating factors Miranda's strong family connections and vocational skills, but emphasized that previous jail time had failed to deter Miranda from criminal activity.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.