**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2016[*]
Decided June 1, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-3728

| | |
|---|---|
| LONZO J. STANLEY,<br>    *Petitioner-Appellant*, | Appeal from the United States District Court<br>for the Western District of Wisconsin. |
| *v.* | No. 15-cv-222-bbc |
| UNITED STATES OF AMERICA,<br>    *Respondent-Appellee*. | Barbara B. Crabb,<br>*Judge*. |

**O R D E R**

More than a decade ago, Lonzo Stanley was found to be a career offender under the sentencing guidelines, *see* U.S.S.G. § 4B1.1, and ordered to serve 200 months' imprisonment. After the Supreme Court issued its opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Stanley filed this action under 28 U.S.C. § 2255 challenging his sentence. Stanley reads *Johnson* as support for his contention that two of three

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

convictions used in finding him to be a career offender were misclassified as crimes of violence, leaving him with fewer than the two qualifying convictions necessary for § 4B1.1 to apply. The government did not insist that its procedural defenses be addressed by the district court, instead arguing that Stanley's motion would fail on the merits. The district court agreed with the government that *Johnson* does not undermine the application of § 4B1.1 to Stanley, but issued a certificate of appealability authorizing him to bring this challenge to the denial of his § 2255 motion. We affirm that decision.

Stanley pleaded guilty in 2004 to distributing crack cocaine, 21 U.S.C. § 841(a)(1). At sentencing the district court concluded that Stanley's convictions in Illinois for delivery of a controlled substance, unlawful possession of a weapon by a felon, and aggravated battery of a peace officer made him a career offender. *See* U.S.S.G. §§ 4B1.1, 4B1.2. Stanley did not appeal his sentence.

Stanley's § 2255 motion asserts that after *Johnson* his convictions for unlawful possession of a weapon and aggravated battery cannot be classified as crimes of violence for purposes of § 4B1.1. In *Johnson,* 135 S. Ct. at 2557, the Court held that the "residual clause" in the definition of "violent felony" from the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague, meaning that a conviction no longer can be deemed a violent felony on the ground that the offense involved "conduct that presents a serious potential risk of physical injury to another." *See id. Johnson* announced a new rule that applies retroactively, *Welch v. United States*, 136 S. Ct. 1257 (2016), and Stanley presumes that *Johnson*'s reasoning applies equally to the identically worded residual clause in the definition of "crime of violence" applicable to the career offender guideline. *See* U.S.S.G. § 4B1.1(a)(2). And it follows, Stanley continues, that possession of a weapon by a felon and aggravated battery would no longer qualify as crimes of violence.

Stanley is correct that the gun crime isn't a crime of violence, but the reason has nothing to do with *Johnson.* Long before that decision—indeed, before Stanley was sentenced—the Sentencing Commission had made clear that a felon's possession of a gun that could be possessed lawfully by a non-felon is not a crime of violence. *See* U.S.S.G. App. C, Am. 433 (Nov. 1991); *Stinson v. United States*, 508 U.S. 36, 47 (1993). So Stanley's § 2255 claim arguably should have ended there, since this pre-*Johnson* challenge to the characterization of the gun offense as a crime of violence had been procedurally defaulted and Stanley concedes that his third conviction (for delivery of a controlled substance) counts toward the two necessary to make him a career offender.

Again, though, the government is content to forego its procedural defenses, which brings up Stanley's conviction for aggravated battery of a peace officer. Stanley's indictment for aggravated battery charges that he "intentionally or knowingly caused bodily harm" to a peace officer, *see* 720 ILCS 5/12-3, 5/12-4(B)(6) (1997), which is a crime of violence because the use of force is an essential element. *See Hill v. Werlinger*, 695 F.3d 644, 649–50 (7th Cir. 2012). But Stanley asserted that he *might have* pleaded guilty to a different subsection of the battery statute that involves insulting and provoking conduct, which is not a crime of violence, *see United States v. Hampton*, 675 F.3d 720, 729 (7th Cir. 2012). But this, too, is a claim that has nothing to do with *Johnson,* which explains the district court's conclusion that Stanley was trying to use *Johnson* as cover for an untimely claim based on *Begay v. United States*, 553 U.S. 137 (2008). In any event, on the merits the district judge reasoned that Stanley's conviction for aggravated battery does not rest on the residual clause because the indictment charges him with a violent battery, and he did not aver that he instead pleaded guilty to a nonviolent battery.

The district court's reasoning is correct. The Illinois battery statute is divisible, *see United States v. Rodriguez-Gomez*, 608 F.3d 969, 973 (7th Cir. 2010), so a sentencing court may examine the charging papers, plea colloquy, and any judicial findings or admissions to ascertain the nature of the conviction, *see Shepard v. United States*, 544 U.S. 13 (2005). The indictment charges a violent battery, *see* 720 ILCS 5/12-3(a)(1) (1997), and though the judgment of conviction does not confirm that Stanley pleaded to the indictment without revision, it was his burden in this collateral proceeding to allege and prove the facts necessary to substantiate his claim. *See Hawk v. Olson*, 326 U.S. 271, 279 (1945); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). When a statute is divisible, "a silent record leaves up in the air whether an error has occurred, and the allocation to defendant of the burdens of production and persuasion makes a difference." *United States v. Ramirez*, 606 F.3d 396, 398–99 (7th Cir. 2010). Stanley easily could have introduced his plea agreement or records of the plea colloquy to show which version of the offense he pleaded to, and his failure to do so implies that those documents would hurt, not help, his claim. *See United States v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010). On this record Stanley did not carry his burden of showing that the sentencing court erred in classifying the aggravated battery as a crime of violence, and that conviction, along with his unchallenged conviction for a controlled-substance offense, makes him a career offender.

AFFIRMED.