**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 6, 2017
Decided July 12, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-4172

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-CR-10023-001 |
| ALEJANDRO M. LOPEZ, *Defendant-Appellant*. | James E. Shadid, *Chief Judge*. |

**O R D E R**

Alejandro Lopez pleaded guilty to possessing and distributing methamphetamine. *See* 21 U.S.C. § 841(a)(1). He already had four Illinois convictions, including three for aggravated battery. The district court concluded that Lopez is a career offender, *see* U.S.S.G. § 4B1.1, and sentenced him to a total of 151 months' imprisonment. On appeal he argues that aggravated battery, as defined by Illinois, is never a crime of violence for purposes of § 4B1.1. We have rejected that contention before, most recently in *United States v. Lynn*, 851 F.3d 786 (7th Cir. 2017). Because *Lynn* alone forecloses Lopez's appellate claim, we affirm his sentence.

Section 4B1.1 of the sentencing guidelines increases the base offense level and criminal-history category for a defendant who, if 18 or older, commits a "controlled

substance offense" or "crime of violence" (both defined to be felony) after incurring at least two countable convictions for such crimes. *See* U.S.S.G. §§ 4B1.1, 4B1.2. Lopez concedes that his Illinois conviction for manufacturing methamphetamine counts as a controlled-substance offense, and a probation officer concluded that his convictions for aggravated battery (one in 2009 and the others in 2014) are crimes of violence. Some offenses are enumerated explicitly as crimes of violence; those which are not (including battery) still qualify if they have as an element "the use, attempted use, or threatened use of physical force" against another person. U.S.S.G. § 4B1.2(a)(1).

In Illinois "[a] person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILL. COMP. STAT. 5/12-3(a). Simple battery under § 5/12-3(a) is a misdemeanor, but 720 ILL. COMP. STAT. 5/12-3.05 (formerly § 5/12-4) defines multiple factors that elevate simple battery to aggravated battery, a felony. Committing a battery on a public street is among the statutory aggravating factors. § 5/12-3.05(c) (formerly § 5/12-4(b)(8)). Likewise, using a deadly weapon or causing great bodily harm will elevate a simple battery to aggravated battery. § 5/12-3.05(a)(1), (f)(1).

The charging instrument and judgment from Lopez's 2009 case establish that he was convicted of committing aggravated battery by causing bodily harm on a public street. The same pair of documents from his 2014 cases confirm that Lopez was convicted of committing aggravated battery by causing "great" bodily harm to one victim and using a deadly weapon against the other. Even so, Lopez objected to the presentence report because in his view § 5/12-3(a) does not have as an element "the use, attempted use, or threatened use of physical force." The district court overruled Lopez's objection and adopted the probation officer's calculations (a total offense level of 29 and criminal-history category of VI), which yielded an imprisonment range of 151 to 188 months. If not for the career-offender guideline, the guidelines imprisonment range would have been 130 to 162 months.

Lopez is a career offender if any one of his three convictions for aggravated battery is a crime of violence. In *Lynn*, which was decided after Lopez filed his notice of appeal, we reiterated that a violation of § 5/12-3(a) is a crime of violence if the defendant was convicted under (a)(1) of committing a battery that caused bodily harm. 851 F.3d at 787. Twice previously we had said the same thing in a published opinion. *Hill v. Werlinger*, 695 F.3d 644, 649 (7th Cir. 2012); *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973–74 (7th Cir. 2010). In light of *Lynn*, Lopez's 2009 conviction for aggravated battery

coupled with his Illinois conviction for manufacturing methamphetamine is enough to make him a career criminal; the other two convictions for aggravated battery don't even matter to the outcome. As Lopez's attorney conceded at oral argument, *Lynn* dooms his appellate claim, which he's now pursuing solely to preserve the claim for possible review by the Supreme Court.

AFFIRMED.