**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4155**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TROY D. STEWART,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00245-HEH-1)

Submitted:  October 17, 2017                     Decided: November 1, 2017

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Valencia Roberts, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy D. Stewart was charged with violating various conditions of his supervised release. At a hearing at which Stewart admitted committing the violations, the district court revoked release and sentenced Stewart to 24 months in prison. Stewart appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is plainly unreasonable but concluding that there are no meritorious issues for appeal. Stewart was advised of his right to file a pro se brief but has not filed such a brief. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). The record establishes that Stewart was sentenced within the statutory maximum term of two years, *see* 18 U.S.C. § 3583(e)(3) (2012). The remaining question is whether the sentence is plainly unreasonable.

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). Only if we find a sentence to be unreasonable will we consider whether it is "plainly" so. *United States v. Crudup*, 461 F.3d at 440.

A revocation sentence is procedurally reasonable if the district court considered the Chapter Seven policy statement range and the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors. Id. A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence

2

imposed, up to the statutory maximum. *Id.* "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted).

We conclude that Stewart's sentence is procedurally and substantively reasonable. The district court stated that it had considered relevant § 3553(a) factors, and the court was aware of Stewart's policy statement range of 8-14 months. Further, the court provided a sufficiently individualized assessment in fashioning the revocation sentence. In this regard, the court took note of Stewart's significant criminal record, his having absconded from a previous term of supervision, his breach of trust and his failure to abide by the conditions of supervised release.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform Stewart, in writing, of the right to petition the Supreme Court of the United States for further review. If Stewart requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stewart.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*