NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2018
Decided February 14, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1274

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 15-20058-001 |
| HENRY L. JOHNSON, *Defendant-Appellant.* | Colin S. Bruce, *Judge.* |

**O R D E R**

Late one night in September 2015, Danville, Illinois, police officers found Henry Johnson in possession of a semi-automatic pistol. At the time, Johnson was on parole for aggravated battery with a firearm, and a federal grand jury charged him with possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). After the district judge denied his motion to suppress evidence of the gun, Johnson conditionally pleaded guilty under Federal Rule of Criminal Procedure 11(c)(1)(C). That agreement became void when the judge determined that Johnson qualified as an armed career criminal, but Johnson

declined to withdraw his guilty plea. The judge then imposed a statutory-minimum sentence of 15 years' imprisonment and 5 years' supervised release.

Johnson has filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. We notified Johnson that he may respond to counsel's motion, but he has not done so. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we focus our review on the subjects counsel discusses.[1]  See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In her *Anders* brief, counsel reports that she consulted with Johnson, and he does not wish to challenge his guilty plea. Thus she appropriately refrains from discussing the adequacy of the plea colloquy, see FED. R. CRIM. P. 11(b), or the voluntariness of the plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Next counsel discusses a potential challenge to the district judge's classification of Johnson as an armed career criminal. That determination was based on Johnson's 1994 Illinois conviction for armed robbery, 1999 Illinois conviction for aggravated battery of a peace officer, and 2008 conviction for aggravated battery with a firearm. During sentencing Johnson conceded that the first and third of these offenses constitute violent felonies. He argued that the second was not a violent felony, in part, because the Illinois aggravated battery statute (formerly 720 ILCS 5/12-4 but now 5/12-3.05) is indivisible and thus not subject to the modified-categorical approach to determining whether the crime is a "violent felony" for purposes of the Armed Career Criminal Act. As counsel correctly notes, however, this court recently rejected that precise argument in the context of the sentencing guidelines, which we interpret the same way. See *United States v. Lynn*, 851 F.3d 786, 797 (7th Cir. 2017) (career offender guideline); *United States v. Montez*, 858 F.3d 1085, 1092 (7th Cir. 2017), *pet. for cert. filed* (Dec. 15,

---

[1]  Transcripts of the proceedings were not included in the record on appeal or docketed in the district court, but we accept counsel's representation that she reviewed them.

2017) (same); see also *Hill v. Werlinger*, 695 F.3d 644, 649 (7th Cir. 2012) (ACCA); *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973–74 (7th Cir. 2010) (U.S.S.G.§ 2L1.2).

We agree with counsel that it would be frivolous for Johnson to argue that aggravated battery of a peace officer is not a violent felony. To convict Johnson of that offense, the state needed proof that Johnson (1) committed a battery by means other than the discharge of a firearm, and (2) knew that the individual harmed was a police officer. 720 ILCS 5/12-4 (1999). The underlying battery statute requires proof that the defendant either (1) caused the victim bodily harm, or (2) made physical contact of an insulting or provoking nature with the victim. 720 ILCS 5/12-3 (1999). A violation of the first clause (bodily harm) is a violent felony, while a violation of the second is not. See *Hill*, 695 F.3d at 649–50. The indictment and judgment from Johnson's 1999 case establish that he committed aggravated battery *by causing bodily harm to a peace officer*, dooming any challenge to the use of that conviction as a predicate for the armed career criminal classification.

Counsel last considers whether Johnson could challenge the district judge's guidelines calculation or the reasonableness of his 15-year sentence. But Johnson received the statutory minimum sentence based on the judge's correct determination that Johnson qualifies as an armed career criminal. See 18 U.S.C. § 924(e)(1). Without a government motion under 18 U.S.C. § 3553(e), the judge lacked authority to impose a term of imprisonment lower than the statutory minimum. See *Dorsey v. United States*, 132 S. Ct. 2321, 2327 (2012); *United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009). So any challenge to the judge's guidelines calculation or sentence would be frivolous. See *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009).

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.