# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1815

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ISRAEL RAMIREZ,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:08-CR-30182-001-JPG—**J. Phil Gilbert**, *Judge*.

SUBMITTED MAY 5, 2010—DECIDED MAY 21, 2010

Before EASTERBROOK, *Chief Judge*, and COFFEY and HAMILTON, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Israel Ramirez pleaded guilty to possessing more than two tons of marijuana with intent to distribute. 21 U.S.C. §841(a)(1). He was sentenced to 300 months' imprisonment as a career offender. See U.S.S.G. §4B1.1(a). Although his appellate lawyer initially believed that an appeal would be frivolous, we denied the motion to withdraw

after concluding that it might be possible to challenge the career-offender classification. Counsel then developed that argument, and the prosecutor confessed error.

Among Ramirez's convictions are two for domestic assault in Texas. His status as a career offender depends on whether these convictions are for crimes of violence. Texas makes it a felony for a person to "intentionally, knowingly, or recklessly" cause bodily injury to a family member. Tex. Penal Code §22.01(a)(1), (b)(2) (1999). This offense does not have, as an element, the use or threatened use of physical force, and it is not specifically enumerated in the Guideline, so it can be a crime of violence only under the residual clause of §4B1.2(a)(2), which covers conduct that presents "a serious potential risk of physical injury to another." Because conviction is possible only if injury occurs, it seems appropriate to say that the statute covers a category of acts that entail a serious risk of injury. But since *Begay v. United States*, 553 U.S. 137 (2008), we have understood subsection (a)(2) of the career-offender Guideline to be limited to purposeful offenses, a category that excludes recklessness. See *United States v. Woods*, 576 F.3d 400, 412–13 (7th Cir. 2009). And the Texas statute permits conviction for reckless conduct.

Because the domestic-assault statute covers three possible mental states, two of which (intentional and knowing conduct) meet the standard of *Begay* and *Woods*, it is divisible (as we defined that term in *Woods*). This means that a court may examine the charging papers,

plea colloquy, and any judicial findings or admissions to ascertain the nature of the conviction—not what the defendant did, but what crime the conviction represents. See *Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005). Ramirez pleaded guilty to the Texas charges, but the record in the federal case contains only the indictments and judgments, which simply track the statutory language. We therefore do not know (at least, we do not know from any document in the record that may be used under the standards of *Taylor* and *Shepard*) whether Ramirez has been convicted of state crimes that use the mental states that qualify for federal treatment as crimes of violence.

According to Ramirez, it follows that the state offenses are *not* crimes of violence and that he is entitled to be resentenced. The prosecutor agrees with this conclusion. We must evaluate independently a confession of error, and we conclude that the record does not demonstrate plain error—the appropriate standard, because Ramirez did not object at sentencing to the classification of the Texas convictions as crimes of violence.

For all we can tell, the reason the record does not contain the plea colloquy, or any other judicial admissions that Ramirez made in the Texas prosecutions, is precisely because his lawyer did not contest the presentence report's classification of his convictions—and one reason for counsel's decision may have been that he knew what these documents would show. The PSR states that Ramirez's convictions were based on violence of a

kind that appears to have been deliberate, such as striking and kicking family members. It is unclear what led to the PSR's summary. Perhaps the writer was taking assertions from police reports, which under *Shepard* can't be used, or perhaps the writer had access to plea colloquies or other documents on which *Taylor* and *Shepard* permit a federal judge to rely. Because Ramirez did not object to the PSR's classification of the state convictions, the prosecution was never put to its proof.

The United States' confession of error is based on the conclusion that "[i]t is impossible to determine from the existing record whether Ramirez's conduct was the type of purposeful conduct contemplated by the residual provision in U.S.S.G. §4B1.2(a)(2)." We agree with that statement—but not with the assumption that, on plain-error review, silence in the record means that the accused wins.

On plain-error review, the burden of demonstrating both error and prejudice is on the defendant. See, e.g., *United States v. Olano*, 507 U.S. 725, 734–35 (1993); *United States v. Vonn*, 535 U.S. 55 (2002); *United States v. Dominguez Benitez*, 542 U.S. 74 (2004); *Puckett v. United States*, 129 S. Ct. 1423 (2009). Ramirez not only has not *demonstrated* that the PSR's statements are incorrect (or at least that they are unsupported by the sort of evidence permitted to the federal tribunal by *Taylor* and *Shepard*) but has not even *argued* that they could not be supported by allowable sources. Nor has he argued that he was deceived or misled into not protesting in the district court. For his

part, the prosecutor does not discuss who bears the risk of non-persuasion when the record is incomplete. Because Ramirez has not established that an error occurred—that is, has not shown it more likely than not that the PSR's description of events could not be supported under the standards of *Taylor* and *Shepard*—there is no warrant for reversal under a plain-error standard.

The post-*Begay* cases in which we have reversed on plain-error review arose from non-divisible prior offenses. See, e.g., *United States v. High*, 576 F.3d 429 (7th Cir. 2009); *United States v. Gear*, 577 F.3d 810 (7th Cir. 2009); *United States v. Booker*, 579 F.3d 835 (7th Cir. 2009). When an offense is not divisible, plea colloquies, judicial admissions, judicial findings, and jury instructions from the prior prosecutions cannot be used to classify the prior convictions. It is then possible to say with certainty that an error occurred. By contrast, when the offense is divisible, a silent record leaves up in the air whether an error has occurred, and the allocation to defendant of the burdens of production and persuasion makes a difference.

AFFIRMED