MEMORANDUM *
Defendant Kenneth Lyle Spangle appeals the district court’s imposition of 262 months’ imprisonment following his conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). For the reasons that follow, we affirm.
1. The district court did not abuse its discretion by denying the motion for a new trial without holding an evidentiary hearing. United States v. Saya, 247 F.3d 929, 934 (9th Cir.2001). Some factors suggested that an evidentiary hearing may have been warranted: The juror concededly lied to the court on a separate occasion, and the challenged relationship was close (the juror’s brother) and relevant to the trial (because the brother worked with the FBI’s case agent assigned to this case). But other factors weighed against an evi-dentiary hearing: The alleged misrepresentation was made in response to an ambiguous question; the same judge was present during voir dire and therefore could assess the credibility of the juror’s later explanation that he understood the question differently than Defendant’s lawyers intended; and, even had the juror disclosed the relationship, it likely would *765 not have provided a basis for a for-cause dismissal. See id. at 935 (listing factors relevant to the determination whether to conduct a hearing). Although an eviden-tiary hearing would have been preferable, we cannot conclude that the court’s weighing of the factors was an abuse of discretion.
2. The district court correctly held that Defendant’s 2004 conviction for mailing threatening communications, in violation of 18 U.S.C. § 876(c), categorically qualifies as a “crime of violence” under U.S.S.G. § 4B1.2(a)(l). Section 876(c) criminalizes the sending of “any threat to kidnap any person or any threat to injure the person of the addressee or of another.” By its plain terms, a “threat to injure the person” of another categorically constitutes the “threatened use of physical force against the person of another.” U.S.S.G. § 4B1.2(a)(l); see United States v. De La Fuente, 353 F.3d 766, 770-71 (9th Cir.2003) (holding that the “threat to injure” prong of § 876(c) categorically constitutes a “threatened use of physical force” for purposes of 18 U.S.C. § 16(a)).
We reach the same conclusion with respect to the sending of a threat to kidnap. There may be circumstances in which a kidnapping itself can be accomplished by means other than force (for example, by deceit). United States v. Sherbondy, 865 F.2d 996, 1009 (9th Cir.1988). But we conclude that there is no “realistic probability,” as distinct from a “theoretical possibility,” Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007), that a communication would threaten to kidnap a person by means other than physical force. Defendant has not pointed to any case in which a person was convicted for sending a threat to kidnap someone by deceit. Id.
3. The sentence imposed, at the low end of the Guidelines range, was procedurally sound and substantively reasonable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.