In the

# United States Court of Appeals
### For the Seventh Circuit

———————

No. 15-3728

LONZO J. STANLEY,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 15-cv-222-bbc — **Barbara B. Crabb**, *Judge*.

———————

SUBMITTED MAY 31, 2016 — DECIDED JUNE 1, 2016 —
OPINION ISSUED JUNE 27, 2016[*]

———————

Before EASTERBROOK, KANNE, and WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. More than a decade ago Lonzo Stanley was sentenced to 200 months' imprisonment

---

[*] This appeal initially was decided by a nonprecedential order. The court has revised the order and issued it as an opinion.

after he pleaded guilty to distributing crack cocaine. His sentence depended in part on the district court's conclusion that he is a career offender under U.S.S.G. §4B1.1, which calls for extra time in prison if the defendant has two or more prior convictions for serious drug crimes or violent felonies. The court counted three qualifying convictions: one for a controlled-substance offense, another for unlawfully possessing a firearm, and a third for aggravated battery. Stanley did not appeal from his sentence or file a collateral attack under 28 U.S.C. §2255 within the year allowed by §2255(f).

After the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), Stanley took advantage of the opportunity created by §2255(f)(3), which allows a fresh year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". We held in *Price v. United States*, 795 F.3d 731 (7th Cir. 2015), that the right newly identified in *Johnson* is retroactive, and in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court agreed. But the district judge concluded that *Johnson* does not affect Stanley's sentence and denied his petition for collateral review. 2015 U.S. Dist. Lexis 72909 (W.D. Wis. June 5, 2015).

*Johnson* holds that part of 18 U.S.C. §924(e)(2)(B)(ii) is unconstitutional. Subsection 924(e), called the Armed Career Criminal Act, requires longer sentences for persons convicted of three or more violent felonies or serious drug offenses. The statute defines some of these categories and adds a kicker in clause (ii), which classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious

potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague. *Johnson* does not otherwise affect the operation of the Armed Career Criminal Act. Nor does *Johnson* discuss how, if at all, its holding affects the career-offender guideline. For the purpose of this appeal, we assume that *Johnson* applies to the Sentencing Guidelines. Another panel has that question under advisement. We do not express any opinion on it.

A flurry of filings in the district courts after *Price*, which became a blizzard after *Welch*, depends on a belief that *Johnson* reopens all questions about the proper classification of prior convictions under the Guidelines and the Armed Career Criminal Act. But the sole holding of *Johnson* is that the residual clause is invalid. *Johnson* does not affect the first portion of clause (ii) ("burglary, arson, or extortion, [or] use of explosives") and does not have anything to do with the proper classification of drug offenses or the operation of §924(e)(2)(B)(i), known as the elements clause, which classifies as a violent felony any crime punishable by a year or more in prison that "has as an element the use, attempted use, or threatened use of physical force against the person of another". The Guidelines contain the same language. U.S.S.G. §4B1.2(a)(1).

Stanley is among the many petitioners who have misunderstood the effect of *Johnson*. We go through his prior felony convictions one at a time to show why.

His drug conviction counts under U.S.S.G. §4B1.2(b), and it would have counted under §924(e)(2)(A) if this had been a

proceeding under the Armed Career Criminal Act. He does not argue otherwise.

Stanley's conviction for illegal possession of a firearm, by contrast, does not count—not because of *Johnson*, but because it *never* qualified as a violent felony. The Sentencing Commission has concluded that a felon's possession of a gun that could be possessed lawfully by a non-felon is not a crime of violence for the purpose of the career-offender guideline. See Amendment 433 (Nov. 1991), now reflected in §4B1.2 Application Note 1 ¶3. See also *Stinson v. United States*, 508 U.S. 36, 47 (1993). The district court should not have counted this conviction in 2004, when Stanley was sentenced. Because the classification of this conviction is unaffected by *Johnson*, §2255(f)(3) does not grant Stanley a fresh window to file a collateral attack. Indeed, because Stanley could have appealed his sentence based on the application note, he could not have filed a collateral attack even within the year originally allowed by §2255(f). The United States has waived its timeliness and forfeiture defenses in order to obtain a substantive decision on this appeal, however, so the validity of Stanley's sentence depends on the treatment of his remaining prior conviction.

Stanley's conviction for aggravated battery of a peace officer, in violation of 720 ILCS 5/12-3, 5/12-4(b)(6) (1997), also is outside the scope of *Johnson*. The district court counted this conviction under the elements clause, U.S.S.G. §4B1.2(a)(1), which is parallel to 18 U.S.C. §924(e)(2)(B)(i). *Johnson* does not have anything to do with the elements clause of either the Guidelines or the Armed Career Criminal Act, and §2255(f)(3) therefore does not afford prisoners a

new one-year period to seek collateral relief on a theory that the elements clause does not apply to a particular conviction.

Perhaps a prisoner could argue that he decided not to press an argument about the elements clause at sentencing, or on appeal, when the only consequence would have been to move a conviction from the elements clause to the residual clause. Then it would be possible to see some relation between *Johnson* and a contention that the conviction has been misclassified, for the line of argument could have been pointless before *Johnson* but dispositive afterward. But this is not the sort of argument that Stanley makes.

*Hill v. Werlinger*, 695 F.3d 644, 649–50 (7th Cir. 2012), concludes that the Illinois offense of aggravated battery of a peace officer is a violent felony because the use of force is an element of the offense. *Johnson* has nothing to say about that subject. What Stanley now contends is that he might have pleaded guilty to aggravated battery under a different part of the battery statute that penalizes insulting conduct. That would not be a crime of violence under *either* the elements clause or the residual clause, so this possibility, too, is unaffected by *Johnson*.

What the Supreme Court curiously calls the "modified categorical" approach determines how to classify a prior conviction under the Armed Career Criminal Act and similar provisions, including §4B1.2. Under this approach the Court asks whether the elements of the crime—rather than what the defendant did in fact—bring the conviction within the scope of the recidivist enhancement. Usually a statute will be wholly in or wholly out, but some statutes are divisible into discrete theories of criminal culpability. See *Descamps v. United States*, 133 S. Ct. 2276 (2013). When a

statute is divisible, a court may consider the charging papers and judicial findings, or concessions made at a plea colloquy, to determine whether the conviction qualifies. See, e.g., *Shepard v. United States*, 544 U.S. 13 (2005). We held in *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973 (7th Cir. 2010), that aggravated battery in Illinois is a divisible statute. Stanley contends that he might have been convicted under a part of this statute that lacks an element based on the use of force. Yet this contention is unrelated to *Johnson* and so does not authorize a belated collateral attack.

Stanley's argument fails on the merits in addition to being untimely. Illinois charged Stanley with a violent battery that satisfies the elements clause. See 720 ILCS 5/12-3(a)(1). It is always possible that someone charged with a violent felony may plead guilty to a lesser offense, but a court does not assume this. It must be shown. As the proponent of collateral review, Stanley had to produce evidence demonstrating entitlement to relief. See *Hawk v. Olson*, 326 U.S. 271, 279 (1945); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). For Stanley that meant showing a difference between the charge and the conviction. A notation in the judgment of conviction might do this. Judicial findings, or stipulations during a plea colloquy, also might suffice. But Stanley did not produce any of this potentially relevant evidence. When a statute is divisible, "a silent record leaves up in the air whether an error has occurred, and the allocation to defendant of the burdens of production and persuasion makes a difference." *United States v. Ramirez*, 606 F.3d 396, 398–99 (7th Cir. 2010). The absence of any evidence to undermine the indictment's description of a violent felony means that Stanley would have lost, even had he raised this contention

on direct appeal or by a timely motion under §2255. His sentence is lawful.

AFFIRMED