Rovner, Circuit Judge.
In 1995, George R. Sotelo was convicted of three counts of mailing extortionate communications, 18 U.S.C. § 876(b), and three counts of mailing threatening communications, *849 18 U.S.C. § 876(c)[1] . After concluding that Sotelo was a career offender under U.S.S.G. § 4B1.1, which increases the punishment for a "crime of violence" committed after the defendant has two prior qualifying convictions, the district court sentenced him to a term of 262 months' imprisonment. Sotelo neither appealed his sentence nor filed a collateral attack under 28 U.S.C. § 2255 within the one-year limitations period set forth in § 2255(f). But in 2016, he filed a § 2255 motion after the Supreme Court in Johnson v. United States , --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), invalidated as unconstitutionally vague a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), containing the same language as a portion of § 4B1.2 of the Guidelines (defining "crime of violence" in § 4B1.1 ). Although the government argued that Sotelo's challenge did not fit within the exception in § 2255(f)(3) for motions filed outside of the one-year limitations period and was therefore untimely, the district court denied Sotelo's motion on the merits. As explained below, we affirm the district court's denial of Sotelo's motion, not on the merits, but because Johnson does not open the door to Sotelo's claim under § 2255(f)(3).
I.
Sotelo committed the crimes at issue here while imprisoned on other charges. In 1995, a jury convicted Sotelo of three counts of mailing communications with the intent to extort money and three counts of mailing threatening communications, in violation of 18 U.S.C. § 876(b) and (c). His convictions stemmed from threatening letters he sent while imprisoned for the rape of one elderly woman and the robbery of another. He sent the letters to two separate women, unrelated to his original crime, who he began corresponding with while in prison. Although his initial correspondence with both women was friendly, he ultimately threatened their lives as well as, in the case of one of the women, the lives of her daughter and granddaughters if they did not continue sending him money.
The district court sentenced Sotelo using the November 1, 1994 Sentencing Guidelines Manual. Although violations of § 876(b) are punishable by up to 20 years' imprisonment and violations of § 876(c) are punishable by up to five years, all counts were grouped under the Guidelines to produce a single sentencing range. Before the career offender adjustment, Sotelo faced a sentencing range of 77-96 months' imprisonment. The sentencing range with the career-offender adjustment, however, was 210-262 months' imprisonment.
An individual qualified as a career offender under § 4B1.1 of the 1994 Guidelines Manual if he had two prior qualifying convictions (Sotelo concedes he did), and the offense of conviction was a felony that was a crime of violence. The now-familiar definition of "crime of violence" appearing in the 1994 version of U.S.S.G. § 4B1.2(a) covers any conviction that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another" (known as the elements clause), or "(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another" (known respectively as the enumerated offenses and the residual clause). Moreover, the guideline commentary explains that aiding and abetting, conspiring, or attempting to commit a crime of violence satisfies the criteria for a crime of violence, U.S.S.G. § 4B1.2 cmt.
*850 n.1, and that extortion is a crime of violence, id. cmt. n.2.
The district court sentenced Sotelo to the top of the 262-month career-offender range, noting that Sotelo qualified as a career offender because each of the offenses had as an element the threatened use of physical force against another. On appeal, Sotelo did not challenge his sentence as a career offender.
He filed his § 2255 motion in 2016, within a year of the Supreme Court's decision in Johnson v. United States , --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), invalidating the residual clause of the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B)(ii), and "made retroactively applicable to cases on collateral review," in Welch v. United States , --- U.S. ----, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). See 28 U.S.C. § 2255(f)(3) (one-year period runs from date Supreme Court recognizes new right retroactively applicable on collateral review). Although the government argued that Sotelo's challenge was untimely, the district court considered his motion on the merits and denied it.
The court rejected Sotelo's contention that the "threat to kidnap" or "threat to injure" found in § 876(b) and (c) constituted a single indivisible element that would not categorically qualify as a crime of violence under the elements clause of § 4B1.2(a)(1). Instead, the court reaffirmed this court's earlier holding in United States v. Sullivan , 75 F.3d 297 (7th Cir. 1996), that a § 876 violation is a "crime of violence." The court concluded that nothing about the Supreme Court's decision in Johnson or subsequent cases interpreting it called into question Sullivan's conclusion.
We granted Sotelo's request for a certificate of appealability and directed the parties to address whether Sotelo erroneously received an increased sentence as a career offender under the Guidelines, see U.S.S.G. § 4B1.1, based on the sentencing court's conclusion that § 876(b) and (c) convictions for mailing threats are crimes of violence. We also directed the parties to address whether Sotelo's claim was procedurally defaulted and whether an § 876(b) conviction could be considered "extortion" under U.S.S.G. § 4B1.2(a)(2)'s enumerated list of crimes of violence.
II.
On appeal, the government renews its contention that Sotelo's § 2255 motion is untimely. Although Sotelo's brief opens with his arguments on the merits, we begin with the issue of timeliness, bearing in mind that we should avoid "pass[ing] upon a constitutional question" if we can "first resolve procedural issues" that "would end the case." Slack v. McDaniel , 529 U.S. 473, 485, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal citation omitted). Although clearly filed outside the one-year limitation period, see 28 U.S.C. § 2255(f), Sotelo maintains his motion fits within the exception in 28 U.S.C. § 2255(f)(3) for motions filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."
Sotelo's claim arises in the wake of a series of significant sentencing changes that have occurred since his 1995 conviction. First, the Supreme Court in United States v. Booker held that the federal sentencing guidelines were advisory rather than mandatory, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Then in Johnson[2] the Court invalidated as unconstitutionally *851 vague the residual clause of the ACCA, which, in language identical to that found in U.S.S.G. § 4B1.2, defined a "violent felony" as a crime with conduct presenting "a serious potential risk of physical injury to another." Compare 18 U.S.C. § 924(e)(2)(B) (2012) (defining "violent felony") with U.S.S.G. § 4B1.2(1) (1994 ed.) (defining "crime of violence"). In Welch v. United States , --- U.S. ----, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Court declared Johnson retroactively applicable to cases on collateral review.
These developments, however, did not invalidate sentences imposed under the identically worded residual clause in § 4B1.2. Instead, the Court in Beckles v. United States , --- U.S. ----, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), concluded that the post- Booker advisory guidelines were not subject to Fifth Amendment due process challenges. Beckles , however, did not resolve the question whether § 4B1.1 of the mandatory pre- Booker guidelines was unconstitutional in the wake of Johnson . Although the applicability of Johnson to the mandatory guidelines was an open question when Sotelo filed his opening brief, that question has now been resolved by Cross v. United States , 892 F.3d 288 (7th Cir. 2018).
In Cross , a panel of this court concluded that unlike the advisory sentencing guidelines, the pre- Booker mandatory guidelines are subject to attack on vagueness grounds, id. at 306. Accord Moore v. United States , 871 F.3d 72, 81 (1st Cir. 2017) ( Johnson's rationale invalidating ACCA's residual clause may apply to fixed, pre- Booker mandatory guidelines); but see Raybon v. United States , 867 F.3d 625, 629-31 (6th Cir. 2017) (concluding that Johnson's rationale does not apply to the pre- Booker mandatory guidelines); United States v. Brown , 868 F.3d 297, 301-03 (4th Cir. 2017) ( Johnson only explicitly applies to the ACCA, and thus neither recognizes a new right not to be sentenced under the residual clause of U.S.S.G. § 4B1.2 of the mandatory sentencing guidelines nor restarts the one-year limitations period under § 2255 to make such a claim). Specifically, we concluded that Beckles ' holding that Johnson did not apply to the post- Booker advisory guidelines did not control because the guidelines before Booker , like the ACCA, prescribed fixed terms of imprisonment. Cross , 892 F.3d at 294. And given the nearly identical language in § 924(e)(2)(B)(ii) and U.S.S.G. § 4B1.2(a)(2), the panel in Cross concluded that the mandatory residual guideline clause implicated the same twin concerns identified in Johnson as invalidating the ACCA's residual clause: (1) uncertainty about how to estimate the risk posed by the generic crime, and (2) uncertainty about how much risk is required for a crime to qualify as a "violent felony." Johnson , 135 S.Ct. at 2557-58 ; Cross , 892 F.3d at 294. The panel in Cross thus rejected the government's assertions that the petitioners' § 2255 motions were untimely, concluding instead that Johnson restarted the one-year limitations period under § 2255(f)(3).
As an initial matter, we reject the government's suggestion to reconsider Cross's holding that Johnson recognized a new right as to the mandatory sentencing guidelines. See , e.g. , Santos v. United States , 461 F.3d 886, 891 (7th Cir. 2006) (noting the need for "a compelling reason" to overturn circuit precedent). The government fails to present a "compelling reason"
*852 or any other development such as a decision of a higher court or statutory change that would warrant revisiting Cross so quickly. See McClain v. Retail Food Emp'rs Joint Pension Plan , 413 F.3d 582, 586 (7th Cir. 2005) (stare decisis requires court to give significant weight to recent decisions unless they have been overruled by a higher court decision or supervening statutory development); Bethesda Lutheran Homes & Servs., Inc. v. Born , 238 F.3d 853, 858-59 (7th Cir. 2001) (same). Likewise, the government offers no compelling reason for us to revisit our conclusion in Cross that petitioners sentenced under the residual clause of the mandatory sentencing guidelines could demonstrate the requisite cause and prejudice to excuse procedural default. See Cross , 892 F.3d at 295-96, rehearing and rehearing en banc denied 2018.
But Cross is not as helpful for Sotelo as he believes it to be. Unlike the petitioners in Cross , Sotelo was not sentenced under the residual clause of § 4B1.2. At sentencing, the district court repeatedly made clear that Sotelo was being sentenced under the elements clause found in § 4B1.2(a)(1). Quoting that subsection, the court explained that the "guidelines define a crime of violence as a felony that 'has as an element the ... threatened use of physical force against the person of another ...' and that is true of all of the offenses for which Mr. Sotelo is being sentenced." (Emphasis added.) Indeed, the court continued, "[e]ach of them have the threatening use of physical force against a person as an element ." (Emphasis added.) Furthermore, the court noted, "The application note to Section 4B1.2 provides that extortion is a crime of violence."
Given the fact that Sotelo was sentenced under the elements clause and not the residual clause, the government maintains that Johnson's invalidation of the ACCA's residual clause is irrelevant to the constitutionality of Sotelo's sentence. Thus, argues the government, Johnson does not restart the one-year limitations period under § 2255(f)(3) because the right it recognized-the right not to be sentenced under the vague language of the residual clause -is not the right that Sotelo asserts.
Quoting Cross , Sotelo maintains that by arguing that his petition is untimely, the government "improperly reads a merits analysis into the limitations period." Cross , 892 F.3d at 293. As Sotelo points out, Cross recognizes that § 2255(f)(3) does not require the movant to prove at the outset that he will ultimately succeed on his claim that the newly recognized right applies to his situation. Cross, 892 F.3d at 294. But Cross also makes clear that the movant must be "claim[ing] the benefit of a right that the Supreme Court has recently recognized." Id. As noted above, unlike Sotelo, the defendants in Cross had been sentenced under the very language deemed unconstitutionally vague in Johnson . As Cross pointed out, the limitations period in § 2255(f)(3) runs from "the date on which the right asserted was recognized by the Supreme Court." Id. (Emphasis in original.) The panel in Cross explained that the requirements of § 2255(f)(3) were satisfied because there, regardless whether they prevailed, the right asserted by the petitioners was "the right to be resentenced on the ground that the vague (yet mandatory) residual clause unconstitutionally fixed the terms of their imprisonment." Id . Johnson's recognition of the right not to be sentenced "under a rule of law using this vague language " opened the door for the Cross petitioners, who were in fact sentenced under that same vague language. Id. (Emphasis added.)
Not so for Sotelo. As the portions of his sentencing transcript quoted above make clear, Sotelo's sentence was unaffected by *853 the unconstitutionally vague language in the residual clause of § 4B1.2, because he was sentenced under the elements clause. See Stanley v. United States , 827 F.3d 562, 564 (7th Cir. 2016) (rejecting § 2255 motion and explaining in context of ACCA that the "sole holding of Johnson is that the residual clause is invalid" and that its holding "does not have anything to do with" the elements clause); see also Douglas v. United States , 858 F.3d 1069, 1070 (7th Cir. 2017) (noting that Johnson does not open all sentences under the ACCA to collateral review and that petitioner's sentence under elements clause was unaffected by Johnson ); see also Dimott v. United States , 881 F.3d 232, 234 (1st Cir. 2018) (denying as untimely § 2255 claims predicated on Johnson and noting that "[t]he petitioners have no Johnson II claims because they have not shown that their original ACCA sentences were based solely on the residual clause."); Massey v. United States , 895 F.3d 248, 253 (2d Cir. 2018) ("We hold that where it is clear from the record that a movant's sentence was enhanced pursuant to the ACCA's force [or "elements"] clause, their § 2255 claim does not rely on Johnson II for the purposes of 28 U.S.C. § 2255(h)."). As Stanley explained, " Johnson does not have anything to do with the elements clause of either the Guidelines or the Armed Career Criminal Act, and § 2255(f)(3) therefore does not afford prisoners a new one-year-period to seek collateral relief on a theory that the elements clause does not apply to a particular conviction." 827 F.3d at 565. Sotelo now suggests that his career-offender sentence was "driven in part" by the residual clause because § 876(b) also covers attempted extortion, which is designated as a crime of violence by the application notes under the residual clause. But this fact is largely irrelevant to Sotelo's claim, given the sentencing court's express finding that all of Sotelo's offenses had as an element the threatened use of physical force against another.
In an attempt to circumvent this fatal flaw in his claim, Sotelo now seizes on other language in Stanley recognizing a possible exception to the rule that a sentence under the elements clause is unaffected by Johnson . Stanley noted that,
[p]erhaps a prisoner could argue that he decided not to press an argument about the elements clause at sentencing, or on appeal, when the only consequence would have been to move a conviction from the elements clause to the residual clause. Then it would be possible to see some relation between Johnson and a contention that the conviction has been misclassified, for the line of argument could have been pointless before Johnson but dispositive afterward. But this is not the sort of argument that Stanley makes."
827 F.3d at 565.
Pointing to this language, Sotelo now claims that before Johnson , he could only have filed a "pointless" petition that would have served merely to move his § 876 conviction from the elements to the residual clause. But this argument fails on several levels. First, like the petitioner in Stanley , Sotelo has never framed his claim this way. In the district court, he never suggested that he would have challenged the district court's classification of § 876 as a crime of violence under the elements clause but for the knowledge that such a challenge would simply have prompted the sentencing court to reclassify it as a crime of violence under the residual clause. See Boulb v. United States , 818 F.3d 334, 341 (7th Cir. 2016) (reiterating that arguments raised for the first time on appeal are waived.)
Instead, as Sotelo himself explains, his argument in the district court "rested primarily on *854 Mathis v. United States , --- U.S. ----, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), because he argued that § 876 comprises different means of committing one offense, as opposed to elements of different offenses, and those means do not categorically involve the threatened use of force." (Appellant's Br. 2.) In Mathis , the Supreme Court held that under the modified categorical approach (allowing examination of a limited class of documents to determine whether a prior conviction under the ACCA matches the generic version of that offense), an indivisible statute containing alternative means of committing the required elements of a given crime does not match the generic version of that crime if an element of the crime of conviction in the abstract sweeps more broadly than an element of the generic offense. 136 S.Ct. at 2251-52. In other words, if a statute contains multiple ways of committing an offense (which are not themselves elements required for conviction), and some of those ways do not necessarily involve the threatened use of force, the statute is not categorically a crime of violence.
The essence of Sotelo's claim for relief, then, is that under Mathis , a conviction under § 876 is not categorically a crime of violence, because it is an indivisible statute describing two means of committing a single crime: mailing a threatening communication, an action that could be accomplished by either a threat to injure or a threat to kidnap, neither of which are elements of the offense in Sotelo's reading. See 18 U.S.C. § 876(b) (covering mailing with the intent to extort money "any communication containing any threat to kidnap any person or any threat to injure the person of the addressee or of another.").
But Mathis , which has not been declared retroactive on collateral attack, cannot itself satisfy § 2255(f)(3)'s requirement that the right asserted be newly recognized and made retroactively applicable to cases on collateral review. See Holt v. United States , 843 F.3d 720, 722 (7th Cir.2016) (" Mathis has not been declared retroactive by the Supreme Court[.]"). The same goes for the other cases on which Sotelo relies to build his argument that § 876 is not categorically a crime of violence: Elonis v. United States , --- U.S. ----, 135 S.Ct. 2001, 192 L.Ed.2d 1 (2015), holding that a conviction under 18 U.S.C. § 875(c) (forbidding transmitting a threat to injure another) requires proof that the defendant knows communication will be viewed as a threat and Curtis Johnson v. United States , 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (" Curtis Johnson "), concluding that to satisfy the elements clause of the ACCA a crime must contemplate the possibility of violent force or force capable of causing physical pain or injury. The right he asserts is not, then, the right not to be sentenced under the unconstitutionally vague residual clause, but rather, the right not to be sentenced under the elements clause, which he claims no longer applies. But as explained above, Johnson , which applies only to the residual clause, does not implicate the question of the validity of Sotelo's conviction under the elements clause. That right hinges on a series of cases post-dating Sotelo's conviction, none of which has been declared retroactively applicable on collateral review as required by § 2255(f)(3).
So while Sotelo is correct that to satisfy § 2255(f)(3)'s requirements he need not prove definitively at the outset that his sentence is unconstitutional in light of a new rule of constitutional law made retroactive by the Supreme Court, Johnson does not provide a back-door approach to challenge any sentence under § 4B1.1 or the ACCA. See Stanley , 827 F.3d at 564 ("A flurry of filings in the district courts ... depends on a belief that Johnson reopens all questions about the proper classification of convictions under the Guidelines ... [but] Johnson ... does not have anything *855 to do with ... the operation of ... the elements clause" of the ACCA or Guidelines); see also United States v. Peppers , 899 F.3d 211, 221 (3d Cir. 2018). For instance, the Third Circuit concluded in Peppers that § 2255(h), which restricts second or successive § 2255 motions on the same terms as § 2255(f)(3), is satisfied when a movant demonstrates that "he may have been sentenced under the residual clause of the ACCA, which was rendered unconstitutional in Johnson ." Peppers , 899 F.3d at 221 (emphasis added); see also United States v. Geozos , 870 F.3d 890 (9th Cir. 2017) ("[W]hen it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in [ Johnson ].") But as the statements at Sotelo's sentencing detailed above make clear, Sotelo could not satisfy even the liberal standard of demonstrating that he might have been sentenced under the residual clause, because it is clear his sentence depended entirely on the elements clause of § 4B1.2.
It is thus apparent that Sotelo is not in fact asserting a right based on Johnson. Indeed, he identifies the first issue in his brief as "[w]hether, in light of Mathis (2016), Johnson (2015), Elonis (2015), and [Curtis ] Johnson (2010), the federal offense of mailing threatening communications, 18 U.S.C. § 876, qualifies as a crime of violence under section 4B1.2 of the Sentencing Guidelines?" (Appellant's Br. iii.) But the only retroactively applicable case that Sotelo cites- Johnson (2015) -has nothing to say about whether § 876 is a crime of violence under the elements clause of § 4B1.2, and that is the only question relevant to Sotelo's claim for relief. See Peppers , 899 F.3d at 229 ("Because only the Supreme Court can declare which new rules of constitutional law are retroactively applicable to cases on collateral review in the second or successive habeas motion context, Mathis , Descamps , and Johnson 2010 cannot provide the foundation that satisfies the gatekeeping requirements for a § 2255(h)(2) motion.").
There is thus no need to address the more thorny legal question of whether a movant who satisfies § 2255(f)(3) with a valid claim under Johnson (or some other case declared retroactively applicable on collateral review) may advance arguments based on cases such as Mathis , Elonis , and Curtis Johnson , which post-date the conviction but have not been declared retroactively applicable on collateral review. Compare In re Hires , 825 F.3d 1297, 1302-04 (11th Cir. 2016) (rejecting defendant's attempt to rely on Descamps v. United States , 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) for a successive § 2255 motion under Johnson ); Holt , 843 F.3d at 721-24 (concluding that defendant could not rely on Johnson for a successive § 2255 motion because claim turned on post-sentencing decisions such as Mathis ) with In re Adams , 825 F.3d 1283, 1285-86 (11th Cir. 2016) (allowing defendant to rely on Descamps to prove claim under Johnson because Descamps "is not an independent claim that is itself subject to the gatekeeping requirements") and Peppers , 899 F.3d at 229-30 (when defendant's claim satisfies § 2255(h)'s gatekeeping requirements with a Johnson claim, other cases post-dating sentencing such as Mathis , Descamps , and Curtis Johnson may be used to analyze pre-sentencing law).
Accordingly, we leave for another day the issue of whether Mathis calls into question this court's holding in Sullivan that § 876 is categorically a crime of violence. 75 F.3d at 300. We note, however, that every court to consider the issue, both before and after Johnson , has concluded that a § 876 conviction entails a threat to *856 use physical force, and is thus categorically a crime of violence. See United States v. Chapman , 866 F.3d 129, 131-36 (3d Cir. 2017) ; United States v. Spangle , 617 Fed. Appx. 764, 765 (9th Cir. 2015) (unpublished order); United States v. Stoker , 706 F.3d 643, 648 & n.4 (5th Cir. 2013) (per curiam) (collecting cases); United States v. Haileselassie , 668 F.3d 1033, 1034-35 (8th Cir. 2012) ; United States v. De La Fuente , 353 F.3d 766, 770-71 & n.3 (9th Cir. 2003) ; see also Tomkins v. United States , 2018 WL 1911805, at *5-10 (N.D. Ill. 2018) (holding that § 876(b) is divisible and that a conviction under "threat to injure" prong is a crime of violence). So although we reject Sotelo's motion as untimely, we note that it is not likely to have fared well on the merits either.
III.
Because Sotelo's § 2255 motion is untimely as described above, we AFFIRM the district court's decision denying the motion.

At the time of Sotelo's conviction, subsections (b) and (c) of 18 U.S.C. § 876 were ¶ 2 and ¶ 3, respectively, but the statute is unchanged in all other respects.

Two Supreme Court cases named "Johnson v. United States " are relevant to Sotelo's appeal. Samuel Johnson v. United States , --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), has been declared retroactively applicable on collateral review and is the one cited throughout this opinion as simply Johnson . We will refer to the other case, Curtis Johnson v. United States , 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), which deals with the amount of force necessary for a crime to be a "violent felony" under the ACCA, as Curtis Johnson .