In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2867

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

NEHEMIAH R. FELDERS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:18CR109-001 — **Robert L. Miller, Jr.**, *Judge.*

ARGUED JULY 7, 2020 — DECIDED JULY 14, 2020

Before SYKES, *Chief Judge*, and EASTERBROOK and KANNE, *Circuit Judges.*

PER CURIAM. A jury convicted Nehemiah Felders of possessing a firearm, despite a felony conviction making this unlawful. 18 U.S.C. §922(g)(1). He was sentenced to 96 months' imprisonment. His sole argument on appeal is his statements should have been suppressed, because the police did not give him the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966).

Felders testified at a hearing that the police had not given him warnings of any kind. Officer Jonathan Price testified, to the contrary, that he had taken from his credential case a card with warnings and read Felders the advice on that card. The district judge believed Price and disbelieved Felders, which led him to deny the motion to suppress the statements that Felders made to Price and other officers.

In this court Felders no longer denies that Price read him warnings from a card. Instead he contends that the record does not show that the statements read from the card satisfy *Miranda*. Because Felders did not make such an argument to the district court, appellate review is for plain error. See *United States v. Olano*, 507 U.S. 725 (1993).

Yet the record is silent about what was on the card from which Price read. Felders has the burden of persuasion, *id*. at 734–35, and on a silent record he cannot show that any error occurred—not when the warnings were read, not in the district court. The judge was available to hear the parties' evidence. That Felders did not ask Price for details does not show that the judge made a mistake. Someone who invokes plain-error review on a silent record has little chance of success. See, e.g., *United States v. Williams*, 946 F.3d 968 (7th Cir. 2020); *United States v. Ramirez*, 606 F.3d 396 (7th Cir. 2010). The district judge could have avoided the argument now presented on appeal by asking Price to read the card aloud, but the absence of this information cuts against Felders given the plain-error burden.

To get anywhere, Felders needed to show what was on the card. Asking Price to read it, or produce a copy, would have been one way to do that. Asking the police to produce a copy would have been another. At trial Price testified that

the state police issued the card he used, so it was an official document. Felders does not contend that the state distributed some cards that satisfy *Miranda* and some that do not. Nor does he contend that someone else, such as *The Onion*, has produced wallet cards purporting to be from the state police but containing doctored warnings. Evidence that the card in Price's possession could have been defective or satirical might have persuaded us to remand for a hearing. But we are not aware of any reason to believe that Indiana, or any other state, distributes warning cards that fail to satisfy the Supreme Court's requirements.

AFFIRMED